RE: OPINION REQUEST REGARDING CONSTITUTIONALITY OF RECENT SUPPLEMENTAL APPROPRIATION TO THE CORPORATION COMMISSION
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION REGARDING THE CONSTITUTIONALITY OF THE RECENT SUPPLEMENTAL APPROPRIATION TO THE CORPORATION COMMISSION. BECAUSE YOUR INQUIRIES REQUIRE AN EXAMINATION OF SPECIFIC FACTUAL MATTERS, WE ARE RESPONDING BY WAY OF AN INFORMAL OPINION, WHICH IS THE OPINION OF THE UNDERSIGNED COUNSEL RATHER THAN A FORMAL OPINION OF THE ATTORNEY GENERAL.
THE QUESTIONS POSED IN YOUR INQUIRY ASK:
 1. DOES SECTION 25 OF HOUSE BILL 2426 OF THE SECOND REGULAR SESSION OF THE 43RD LEGISLATURE IMPAIR THE PRE-EXISTING CONTRACTUAL OBLIGATIONS BETWEEN THE COMMISSION AND ITS OUTSIDE COUNSEL, IN VIOLATION OF THE CONTRACTS CLAUSE OF THE FEDERAL OR STATE CONSTITUTIONS?
 2. IS SECTION 25 OF HOUSE BILL 2426 OF THE SECOND REGULAR SESSION OF THE 43RD LEGISLATURE AN UNCONSTITUTIONAL ATTEMPT TO AMEND SECTION 29 OF ART. IX OF THE OKLAHOMA CONSTITUTION.
I. PROVISIONS OF THE CHALLENGED SUPPLEMENTAL APPROPRIATION.
IN RESPONSE TO THE CORPORATION COMMISSION'S REQUEST OF THE LEGISLATURE THAT SUPPLEMENTAL FUNDS BE APPROPRIATED TO THE COMMISSION FOR THE REMAINDER OF THE FISCAL YEAR ENDING JUNE 30, 1992, THE LEGISLATURE MADE A SUPPLEMENTAL APPROPRIATION TO THE COMMISSION TOTALING $697,751.00. THE APPROPRIATION CONTAINED SEVERAL RESTRICTIONS ON THE USE OF THE FUNDS APPROPRIATED. TWO OF THE RESTRICTIONS ARE SET FORTH IN 25 OF HOUSE BILL 2426. THAT SECTION PROVIDES:
 "SECTION 25. IT IS THE INTENT OF THE LEGISLATURE THAT THE FUNDS APPROPRIATED IN SECTION 20 OF THIS ACT SHALL NOT BE USED:
 1. TO COMPENSATE OUTSIDE COUNSEL HIRED BY THE COMMISSION IN RELATION TO ANY EXISTING OR FUTURE ACTION OR PROCEEDING BEFORE SAID COMMISSION.
 2. TO IN ANY WAY FREE UP PREVIOUSLY APPROPRIATED FUNDS OR CONTINUING FUNDS, SO THAT ANY OF THOSE FUNDS MAY BE USED TO COMPENSATE OUTSIDE COUNSEL HIRED BY THE COMMISSION IN RELATION TO ANY EXISTING OR FUTURE ACTION OR PROCEEDING BEFORE SAID COMMISSION. (EMPHASIS ADDED)."
AS CAN BE SEEN FROM THE QUOTED LANGUAGE, THESE RESTRICTIONS DO NOT APPLY TO FUNDS PREVIOUSLY APPROPRIATED OR OTHERWISE AVAILABLE TO THE COMMISSION. RATHER, THE RESTRICTIONS ONLY APPLY TO THE NEW, SUPPLEMENTAL FUNDS APPROPRIATED IN HOUSE BILL 2426 ITSELF.
THE FIRST QUESTION YOU ASK IS WHETHER THE RESTRICTIONS IMPAIR EXISTING CONTRACTS ENTERED INTO BETWEEN THE COMMISSION AND OUTSIDE COUNSEL.
II. CONTRACT IMPAIRMENT ANALYSIS IMPAIRMENT OF CONTRACT "TEST."
THE CONTRACT CLAUSE OF THE UNITED STATES CONSTITUTION IMPOSES A RESTRICTION ON THE STATES; IT PROVIDES: "NO STATE SHALL . . . PASS ANY . . . LAW IMPAIRING THE OBLIGATION OF CONTRACTS." U.S. CONST., ART. 1, 10. IN SIMILAR LANGUAGE, THE OKLAHOMA CONSTITUTION IMPOSES A LIKE RESTRICTION ON THE LEGISLATURE: "(N)OR ANY LAW IMPAIRING THE OBLIGATION OF CONTRACTS, SHALL EVER BE PASSED." OKLA. CONST. ARTICLE II, SECTION 15. AS THE UNITED STATES SUPREME COURT HAS NOTED, "LITERALISM IN THE CONSTRUCTION OF THE CONTRACT CLAUSE . . . WOULD MAKE IT DESTRUCTIVE OF THE PUBLIC INTEREST BY DEPRIVING THE STATE OF ITS PREROGATIVE OF SELF-PROTECTION." W.B. WORTHEN CO. V. THOMAS, 292 U.S. 426,433 (1934). OKLAHOMA ALSO RECOGNIZES THIS PRINCIPAL. SEE, EAST CENTRAL OKLAHOMA ELEC. COOP. V. PUBLIC SERV. CO., 469 P.2D 662, 664 (OKLA.1970).
THE UNITED STATES SUPREME COURT HAS RECOGNIZED THAT THE THRESHOLD INQUIRY TO BE MADE IN ANY IMPAIRMENT OF CONTRACT ANALYSIS IS AN INQUIRY AS TO "WHETHER THE STATE LAW HAS, IN FACT, OPERATED AS A SUBSTANTIAL IMPAIRMENT OF A CONTRACTUAL RELATIONSHIP." E.G., ENERGY RESERVES GROUP. INC. V. KANSAS POWER AND LIGHT CO., 459 U.S. 400, 411 (1983). THAT IS, MINIMAL ALTERATIONS OF CONTRACT OBLIGATIONS, WHICH DO NOT SUBSTANTIALLY IMPAIR THE CONTRACT RELATIONSHIP, DO NOT VIOLATE THE CONTRACT CLAUSE. ALLIED STRUCTURAL STEEL CO. V. SPANNAUS, 438 U.S. 234, 244-45 (1978). WHERE NO SUBSTANTIAL IMPAIRMENT IS FOUND, THE INQUIRY ENDS. ENERGY RESERVES GROUP INC. V. KANSAS POWER AND LIGHT CO., 459 U.S. 400, 411
(1983).
UNDER THIS CONTRACT IMPAIRMENT ANALYTICAL MODEL, WE MUST FIRST DETERMINE IF THE RESTRICTIONS PUT ON THE NEWLY-APPROPRIATED FUNDS SUBSTANTIALLY IMPAIR THE EXISTING CONTRACTUAL RELATIONSHIP BETWEEN THE COMMISSION AND ITS OUTSIDE COUNSEL.
B. LEGAL SERVICE CONTRACTS BETWEEN THE COMMISSION AND OUTSIDE COUNSEL.
THE CONTRACTS THAT YOU INQUIRE ABOUT IN YOUR LETTER AND ACCOMPANYING MEMORANDUM ARE CONTRACTS ENTERED INTO BETWEEN THE COMMISSION AND A WASHINGTON D.C. LAW FIRM, AND THE COMMISSION AND AN OKLAHOMA FIRM, IN EARLY MARCH 1992. UNDER THE TERMS OF THE CONTRACTS, THE FIRMS AGREED TO RESEARCH ISSUES IN A PENDING RATE CASE BEFORE THE COMMISSION, TO MARSHALL THE NECESSARY EVIDENCE, TO PREPARE WITNESSES AND EXHIBITS, AND TO TRY THE CASE BEFORE THE COMMISSION. BY THEIR OWN TERMS, THE CONTRACTS COMMENCED IMMEDIATELY UPON SIGNING BY THE PARTIES AND TERMINATE ON JULY 31, 1992. IN ADDITION TO PROVIDING FOR THE RIGHT OF COMPENSATION, THE CONTRACTS ALSO PROVIDE THAT THEY MAY NOT BE AMENDED OR MODIFIED OTHER THAN IN WRITING, AND THAT THE COMMISSION MAY CANCEL THE AGREEMENTS AT ANY TIME SUBJECT TO THE PAYMENT OF COSTS AND FEES FOR SERVICES RENDERED.
ALTHOUGH THE CONTRACTS PROVIDE FOR AN HOURLY RATE, THEY ALSO PROVIDE THAT THE TOTAL COST FOR SERVICES UNDER THE CONTRACTS, INCLUDING TRAVEL, SHOULD NOT EXCEED SET AMOUNTS. AT THE TIME THE CONTRACTS WERE ENTERED INTO, MONIES TO FUND THE CONTRACTS IN THEIR ENTIRETY WERE AVAILABLE, AND DOCUMENTS IN THE STATE FINANCE OFFICE INDICATE THAT THOSE FUNDS WERE ENCUMBERED FOR THE PURPOSE OF FUNDING THE CONTRACTS.
C. THE LEGISLATURE'S SUPPLEMENTAL APPROPRIATION TO THE CORPORATION COMMISSION AND RESTRICTIONS ON THE USE OF THE SUPPLEMENTALLY APPROPRIATED FUNDS DID NOT IMPAIR THE EXISTING CONTRACTS BETWEEN THE CORPORATION COMMISSION AND ITS OUTSIDE COUNSEL.
UNDER OKLAHOMA LAW, AN ENFORCEABLE CONTRACT MAY BE ENTERED INTO BETWEEN THE STATE AND A PARTY OR ENTITY, WHEN (1) THE INDIVIDUAL OR ENTITY ENTERS INTO A VALID CONTRACT WITH THE PROPER STATE OFFICIAL, AND (2) A VALID APPROPRIATION HAS BEEN MADE THEREFOR. E.G., STATE BD. OF PUB. AFFAIRS V. PRINCIPAL FUNDING CORP., 542 P.2D 503, 506 (OKLA.1975).
N THE INSTANT CASE, UNDER THE PROVISIONS OF 74 O.S. 18C THE CORPORATION COMMISSION IS EMPOWERED TO "EMPLOY OR APPOINT ATTORNEYS TO ADVISE OR REPRESENT" THE COMMISSION. THUS, THE COMMISSION HAD THE AUTHORITY TO ENTER INTO THE CONTRACTS WITH THE OUTSIDE COUNSEL.
MONIES TO FUND THE CONTRACTS WERE ON HAND AND AVAILABLE AT THE TIME OF CONTRACTING. DOCUMENTS IN THE OFFICE OF PUBLIC AFFAIRS AND THE STATE FINANCE OFFICE CLEARLY DEMONSTRATE THIS. ADDITIONALLY, THOSE RECORDS INDICATE THAT THE AVAILABLE FUNDS HAD BEEN ENCUMBERED FOR THE PURPOSE OF FUNDING THE CONTRACTS.
T THE TIME OF THE ENACTMENT OF THE SUPPLEMENTAL APPROPRIATION TO THE COMMISSION, THE CONTRACTS BETWEEN THE COMMISSION AND THE LAW FIRMS ALREADY EXISTED, AND EXISTING FUNDS HAD BEEN EARMARKED FOR THE PAYMENT OF THOSE CONTRACTS. THUS, THE NEW FUNDS WERE NEITHER USED TO FUND THE CONTRACT, NOR USED TO "FREE UP" EXISTING FUNDS, AS THE MONIES FOR THE CONTRACTS WERE EARMARKED FOR THE CONTRACTS BEFORE THE NEW FUNDS WERE APPROPRIATED. THE LEGISLATURE, BY PUTTING RESTRICTIONS ON THE USE OF THE NEWLY-APPROPRIATED SUPPLEMENTAL FUNDS, IN NO WAY AFFECTED THE ENFORCEABILITY OF THE CONTRACTS BETWEEN THE COMMISSION AND THE OUTSIDE LAW FIRMS AND IN NO WAY AFFECTED THE USE OF THE PREVIOUSLY AVAILABLE FUNDS, WHICH THE COMMISSION HAD EARMARKED FOR THE PAYMENT OF THE LEGAL SERVICES CONTRACTS.
HE LEGISLATURE'S REQUIREMENT THAT NONE OF THE SUPPLEMENTAL FUNDS BE USED TO HIRE OUTSIDE COUNSEL, OR TO FREE UP PREVIOUSLY APPROPRIATED FUNDS FOR SUCH PURPOSE, DID NOT AFFECT THE VALIDITY OR ENFORCEABILITY OF THE CONTRACTS ENTERED INTO BEFORE THE SUPPLEMENTAL APPROPRIATION AND IN NO WAY LIMITED THE AVAILABILITY OF THOSE PREVIOUSLY AVAILABLE MONIES TO FUND THE CONTRACT. ACCORDINGLY, THE LEGISLATIVELY-IMPOSED RESTRICTIONS ON THE USE OF THE SUPPLEMENTAL FUNDS DID NOT IMPAIR THE PREVIOUSLY EXISTING CONTRACTS BETWEEN THE COMMISSION AND ITS OUTSIDE COUNSEL.
OR THE REASONS SET FORTH ABOVE, IT IS THE OPINION OF THE UNDERSIGNED COUNSEL THAT THE PROVISIONS OF 25 OF HOUSE BILL 2426 OF THE SECOND REGULAR SESSION OF THE 43RD OKLAHOMA LEGISLATURE DID NOT IMPAIR THE EXISTING CONTRACTUAL RELATIONSHIPS BETWEEN THE CORPORATION COMMISSION AND ITS OUTSIDE COUNSEL.
(NEAL LEADER)
** NOTE: YOUR SECOND QUESTION ASKED WHETHER SECTION 25 OF HOUSE BILL 2426 WAS AN ATTEMPT TO AMEND ARTICLE IX , SECTION 29 OF THE OKLAHOMA CONSTITUTION. BECAUSE THAT QUESTION WAS BASED ON THE ASSUMPTION THAT SECTION 25 PRECLUDED THE COMMISSION FROM EXPENDING FUNDS FOR SERVICES RENDERED AFTER MARCH 25, 1992, AND THAT ASSUMPTION, AS SHOWN ABOVE, WAS INCORRECT, AND BECAUSE ARTICLE IX , SECTION 29 IS NOT IMPLICATED — AS THE UTILITY RATEMAKING POWERS INVOLVED SPRING FROM ARTICLE IX , SECTION 18 — WE FIND IT UNNECESSARY TO ADDRESS YOUR SECOND QUESTION.